**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FARZAD NAROI FARHBAKSH,

Petitioner,

v.

J. JOHNSON, et al.,

Respondents.

**CASE NO.** 5:26-CV-04238-CTS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

On July 29, 2026, Petitioner Farzad Naroi Farhbaksh ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally* Pet.) The Petition names as Respondents J. Johnson, Facility Administrator, Adelanto ICE Processing Center; Ernesto Santacruz, Field Office Director, ICE Los Angeles Field Office; Todd Lyons, Acting Director, ICE; Mark W. Mullin [sic], Secretary of DHS; and Todd Blanch [sic], Attorney General of the United States

("Respondents"). (Pet. 1.[1]) On August 4, 2026, Respondents filed an Answer to the Petition stating that they "are not presenting any opposition argument." (Ans., ECF No. 8, at 2.) On the same day, Petitioner filed his Reply. (Rep., ECF No. 9.) In light of Respondents' decision not to oppose the Petition, the Court GRANTS the Petition and ORDERS that Petitioner be released immediately.

## II. BACKGROUND

The Petition alleges that Petitioner is a sixty-two-year-old citizen and national of Iran who has resided in the United States since 1978. (Pet. ¶ 6.) Petitioner entered the United States on June 15, 1978, on a student visa at the age of thirteen. (*Id.* at ¶ 12.) He obtained a Social Security number shortly thereafter and resided, at first, in Washington D.C. and, after 1991, in Los Angeles, California. (*Id.*) Petitioner has been a self-employed automobile dealer since 1985, and founded SIA Automobile Company, LLC, in Rancho Dominguez, California in 1992, which he operated until 2005. (*Id.* at ¶ 13.) Petitioner paid federal and state taxes and employed as many as seven people. (*Id.*) More than half of Petitioner's family members are U.S. citizens and lawful residents and they are prepared to provide full housing, financial, and emotional support upon his release. (*Id.* at ¶ 14.)

In 2005, Petitioner was arrested upon returning to the United States from Mexico at the San Ysidro port of entry. (*Id.* at ¶ 15.) In 2006, he was convicted of a single offense[2] and sentenced to a term of state imprisonment. (*Id.*) He served approximately twenty years and was released on December 8, 2025. (*Id.*) While

---

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

[2] Neither Petitioner nor Respondents have provided any information regarding the offense(s) underlying this conviction. Notably, Respondents have not argued that any aspect of Petitioner's criminal history could or should justify his continued detention.

incarcerated, Petitioner completed rehabilitative programming, vocational training, and a healthcare-maintenance apprenticeship and he worked in that field for more than nine years in custody. (*Id.* at ¶ 16.)

On December 8, 2025, Petitioner was released from state custody, taken into ICE custody, and transported to Adelanto. (*Id.* at ¶ 17.) Petitioner's order of removal has long been administratively final, the ninety-day removal period expired on or about March 8, 2026, and the six-month presumptively reasonable period expired on or about June 8, 2026. (*Id.* at ¶ 18.) Petitioner has never refused or obstructed his removal, his family voluntarily approached the Iranian interest section, and travel documents were issued for Petitioner on three separate occasions. (*Id.* at ¶ 19.) ICE never scheduled a removal flight, attempted to remove Petitioner, or provided a timeline for his removal. (*Id.*) Petitioner alleges his removal to Iran is not foreseeable in light of the active armed conflict between the United States and Iran. (*Id.* at ¶ 20.)

The Answer does not dispute any of these facts. (*See* Ans. 2.)

## III. PETITIONER'S CLAIMS

Petitioner challenges his detention on two grounds: (1) Unlawful Detention in Violation of 8 U.S.C. § 1231(a)(6) as construed by *Zadvydas v. Davis*, 533 U.S. 678 (2001) (Pet. ¶¶ 25–28) and (2) Violation of the Fifth Amendment Due Process Clause (Substantive Due Process) (*id.* at ¶¶ 29–30). Petitioner seeks, *inter alia* immediate release from custody. (*Id.* at 12–13.) Respondents do not oppose any of Petitioner's requests. (Ans. 2.)

## IV. DISCUSSION

The Petition alleges that—because Petitioner has been detained for eight months and his removal in the reasonably foreseeable future is not significantly likely—his continued detention is a violation of 8 U.S.C. § 1231(a)(6) and

substantive due process. (Pet. ¶¶ 25–30.) He argues he is therefore entitled to immediate release from custody. (*Id.* at 12.) Respondents do not argue otherwise. (Ans. 2.)

The Petition is granted based on Respondents' non-opposition to the relief sought. *See Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession). "In our adversarial system of adjudication, we follow the principle of party presentation. . . . '[I]n both civil and criminal cases, in the first instance and on appeal . . . , we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'" *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). While exceptions may be made in criminal cases to protect the rights of pro se defendants, "as a general rule, our system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.'" *Id.* at 375–76 (quoting *Castro v. U.S.*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in judgment)) (alteration in original). In fact, the Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions presented by the parties. *Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288 (2026) (citing *Sineneng-Smith*, 590 U.S. at 375–76).

Here, Respondents are represented by competent counsel, have full access to all the relevant facts concerning Petitioner's detention, and have expressly declined to oppose Petitioner's request for immediate release. If Respondents—those

responsible for holding Petitioner in custody—do not put forward any lawful basis to justify that custody, it would violate the party presentation principle for this Court to generate reasons on its own. It is therefore appropriate to grant the relief requested.[3]

## V. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The Petition is GRANTED;
2. Respondents MUST RELEASE **Petitioner Farzad Naroi Farhbaksh (A 989-851-177)** from custody within 24 hours of entry of this Order;
3. Respondents MUST FILE a Notice of Compliance, notifying the Court that Petitioner has been released, no later than three calendar days from the date of this order. Upon receipt of the Notice of Compliance, the Court will enter judgment accordingly; and
4. Petitioner may seek fees and costs as provided in the Local Rules.

DATED: August 13, 2026



HONORABLE CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE

[3] The Court also notes that, under Supreme Court precedent, Respondents' decision not to oppose the Petition is not baseless, as Petitioner has already been held in custody longer than the six-month period held to be presumptively reasonable, and there appears to be no significant likelihood of his removal to Iran in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701.